# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCISCO J. SEPULVEDA-ALDECOA,** : | |
|          **Petitioner,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 18-3842** |
| : | |
| **J. LUTHER,** *et al.*, : | |
|          **Respondents.** : | |

## ORDER

**AND NOW,** this 7th day of March 2019, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1], all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Richard A. Lloret [Doc. No. 9], to which no objections have been filed, it is hereby **ORDERED** that:

      1.     The R&R [Doc. No. 9] is **APPROVED** and **ADOPTED**[1];

---

[1] The R&R correctly determined that Petitioner's federal habeas petition was untimely and was not subject to either statutory tolling or equitable tolling. Petitioner had one year from January 20, 2005—thirty days after Petitioner's date of sentence—to file his federal petition, as he did not file any post-sentence motions or a direct appeal. 28 U.S.C. § 2244(d). Petitioner did not seek relief in federal court until more than 13 years had passed. No statutory tolling applies to the instant case because the two state PCRA petitions were filed well after the expiration of his federal habeas filing deadline and were both considered untimely by the state PCRA court. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not toll the statute of limitations because "the limitations period had already run when it was filed"). Equitable tolling does not apply because Petitioner has failed to show that he pursued his rights diligently, or that extraordinary circumstances prevented him from timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418) (illustrating that a petitioner must prove equitable tolling by showing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing"). Although Petitioner does argue that he pleaded guilty to the relevant crimes because he could not speak or understand English, the R&R rightfully concludes that this argument does not support equitable tolling because the record is devoid of any evidence suggesting that he was unable to read or understand English, or that he requested translation or legal assistance in another language.

2.     The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH**

**PREJUDICE** and without an evidentiary hearing;

3.     There is no probable cause to issue a certificate of appealability[2]; and

4.     The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).